UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>VINCENT MAURICE SAPP,<br><br>    Defendant. | Case No: CR 95-40068 SBA<br><br>**ORDER**<br><br>Docket 178 |

The parties are presently before the Court on Vincent Sapp's motion to expunge his criminal record. Dkt. 178. The parties appeared for argument on the motion on July 12, 2011. Mr. Sapp appeared pro se, and Assistant United States Attorney ("AUSA") Joseph Audal appeared on behalf of the United States. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I.  **BACKGROUND**

On April 27, 1995, the United States, then represented by AUSA Martha Boersch, filed an indictment against Mr. Sapp charging him, inter alia, with conspiracy to commit bank robbery, 18 U.S.C. § 371. Also named in the indictment were co-defendants Brandon Edward Valentine and Cornelius Wardell Harris. The charges were filed in connection with a robbery of the Bank of the West in El Cerrito, California, which occurred on April 10, 1995. Mr. Sapp was not involved in the actual robbery, but instead, was the driver of the getaway car. Early in the proceedings, Mr. Sapp pleaded guilty to the conspiracy

1  charge and assisted the government by agreeing to testify against Mr. Harris, who
2  ultimately was convicted.
3      On September 26, 1005, the Court sentenced Mr. Sapp to six months in a halfway
4  house, and imposed restitution in the amount of $3,895.  Although the Court could have
5  imposed a lengthy term of imprisonment, the Court, in its discretion, chose not to do so,
6  and granted a significant downward departure from the sentencing guidelines based on Mr.
7  Sapp's substantial assistance to the government.  In addition, the Court found that a lesser
8  sentence of community confinement was warranted based on the fact that Mr. Sapp was not
9  armed, and because he was coerced to participate in the robbery, to some extent, after being
10 threatened by one of his co-defendants.  In addition, the Court noted that Mr. Sapp had
11 been steadily employed, was attending college, and had no significant prior criminal
12 history, which suggested that his involvement was "aberrant" or out of the norm.
13     Mr. Sapp successfully completed his term in the halfway house and supervised
14 release, and paid the restitution in full.  Since his release, Mr. Sapp has stayed clear of legal
15 trouble.  In addition, he has obtained an A.A. degree in Telecommunications, maintained
16 employment for the last eleven years, raised and continues to raise a family, become a
17 homeowner, continued with college and passed the examination for the California real
18 estate license.  However, the California Department of Real Estate has placed a "hold" on
19 the issuance of his real estate license because of Mr. Sapp's conviction sixteen years ago
20 when he was twenty-three or twenty-four years old.  As such, Mr. Sapp, who is now forty
21 years old, has submitted a letter requesting that his conviction be expunged.  Dkt. 178.  In
22 response, the government filed an opposition solely on the basis that the Court lacks
23 jurisdiction to expunge a conviction.  Dkt. 185.  The Court also received a letter from
24 attorney Martha Boersch, the original AUSA assigned to the case, support Mr. Sapp's
25 request.  Ms. Boersch stated that she wants the Court to know that "[she] believe[s] that Mr.
26 Sapp deserves a chance to accomplish his new goals in life."  Dkt. 180.[1]

---

[1] Although Ms. Boersch no longer is an AUSA, she received notice of the letter through the Court's ECF system, and voluntarily responded with her own letter. Dkt. 180.

## II. DISCUSSION

A district court has limited power to expunge a conviction, and may do so only if specifically authorized by statute or through the court's inherent authority. See Erickson v. United States, 757 F. Supp. 2d 1060, 1064 (D. Or. 2010). A number of federal circuits courts of appeal—the First, Second, Seventh, Tenth and D.C. Circuits—have concluded that "district courts do have ancillary jurisdiction to expunge records based on equitable considerations." United States v. Coloian, 480 F.3d 47, 51-52 (1st Cir. 2007) (collecting cases). Other circuits, including the Ninth Circuit Court of Appeals, have reached the opposite conclusion. In particular, the rule in the Ninth Circuit is that "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error," and that the court has no power "to expunge a record of a valid arrest and conviction solely for equitable considerations." United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000).

In the instant case, Mr. Sapp contends that his conviction should be expunged for equitable reasons; namely, the numerous positive accomplishments that he has achieved over the past sixteen years. The Court concurs that Mr. Sapp's accomplishments are certainly worthy of granting his request for expungement if equitable reasons were cognizable. It was readily apparent to the Court at the time of his sentencing that Mr. Sapp's involvement in the robbery, while misguided, was aberrant or atypical behavior. By all accounts, Mr. Sapp, who was then in his early twenties, was on the right track. He had no juvenile record or serious convictions, was attending college and was gainfully employed. Upon completion of his sentence, Mr. Sapp has avoided further legal issues— not even receiving a traffic ticket since his release. He resumed his education and obtained a college degree, maintained steady employment, purchased a home and continued to care for his and raise his family. He also took and passed the California Real Estate examination. Thus, aside from his lapse in judgment sixteen years ago, Mr. Sapp has led— and continues to lead—an exemplary life, which attests to the reason that the AUSA who

originally prosecuted the action, on her own volition, submitted a letter in support of Mr. Sapp's request.

Unfortunately, this Court is unable to provide Mr. Sapp with the relief that he seeks. This Court is bound by the law of the Ninth Circuit, which forecloses the Court's ability to expunge Mr. Sapp's conviction. It is for that reason alone that the Court must deny his request for expungement.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Mr. Sapp's motion to expunge his record is DENIED. This Order terminates Docket 178.

IT IS SO ORDERED.

Dated: July 15, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

v.

HARRIS,

        Defendant.
_____/

Case Number: CR95-40068 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Vincent Maurice Sapp** (3)
101 Withington Ave.
Rio Linda, CA 95673

Dated: July 18, 2011

                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk